UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| SHANNON L. BROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:15-cv-00054-RLY-DML |
| | ) | |
| CAROLYN W. COLVIN, *Commissioner of* | ) | |
| *Social Security,* | ) | |
| | ) | |
| Defendant. | ) | |

Order Adopting Magistrate Judge's Report and Recommendation

On April 1, 2016, the court referred this Social Security appeal to the magistrate judge for a Report and Recommendation. (Dkt. 33)  On September 1, 2016, the magistrate judge issued her Report and Recommendation that the district judge reverse and remand under sentence four of 42 U.S.C. § 405(g) the Commissioner's decision that Mr. Brough is not entitled to disability benefits.  (Dkt. 34)  On September 14, 2016, the Commissioner filed an objection to that Report and Recommendation (Dkt. 36) ("Objection").

Having reviewed the Objection, the court determines that a response from Mr. Brough is not necessary.  The Objection—for the reasons explained below—lacks merit. The Commissioner's Objection is therefore OVERRULED, and the court ADOPTS the magistrate judge's Report and Recommendation as the order of the court.
The Objection is based on three arguments.  First—and its principal argument—is that the magistrate judge recommends remand on grounds that Mr. Brough did not raise in his

brief and that those grounds were therefore waived. The Commissioner first maintains that Mr. Brough did not present any basis for his conclusory assertion that the Veterans Administration doctors' opinions were entitled to controlling weight because he did not identify any treating doctors by name or cite any relevant opinion. (Dkt. 36 at p. 2) But the magistrate judge implicitly agreed with this; she did not even address that argument, let alone rely on it as a basis for remand.

The thrust of the Commissioner's waiver argument, however, is directed to the magistrate judge's determination that the ALJ was required to obtain an updated medical opinion because of all the significant medical evidence that had not been reviewed by a medical expert and, indeed, had not even been available at the hearing. (*Id.* at p. 4) But this *is* encompassed by the issue Mr. Brough raised in his brief: that the ALJ's decision that Mr. Brough would not be disabled if he did not abuse alcohol did not fairly take into account medical records indicating he suffers severely from the limiting effects of his mental impairments even without alcohol abuse. (*See* Dkt. 34 at p. 6.) The Commissioner's complaint is that Mr. Brough cited only one medical record in support of this argument—a record the Commissioner believes does not support Mr. Brough's argument. In arguing waiver, the Commissioner suggests the magistrate judge was not permitted to look at all the other evidence in the record.

But the principles of waiver do not require the court to ignore all the other evidence in the record solely because the claimant has not specifically cited it. The court must "conduct a critical review of the evidence," considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision. *Lopez*

2

*v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Though it is true that Mr. Brough poorly developed his arguments on appeal, the court cannot conclude that he waived the basis for remand on which the magistrate judge relied.

Second, the Objection argues that—even considering all the evidence—the ALJ adequately explained his determination that Mr. Brough's alcohol abuse was a contributing factor material to his disability and did not need a medical expert to evaluate that issue. (Dkt. 36 at pp. 4-6) The Objection, however, doesn't address the fundamental flaw in the ALJ's reasoning that the magistrate judge pointed out: After the hearing, the record was supplemented with considerable, important medical records—so considerable and important that the ALJ found that the opinions of the State agency doctors that Mr. Brough was not disabled would change had they reviewed and evaluated them. The ALJ in fact found on the basis of this new evidence that Mr. Brough had a listing-level mental impairment. The Commissioner's Objection does not even address Social Security Ruling 96-6p, which says that an ALJ *must* obtain an updated medical opinion from a medical expert when "additional medical evidence is received that in the opinion of the [ALJ] may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments." Nor does she address the ALJ's heightened duty to ensure the administrative record is fully developed when, as here, the claimant is not represented by counsel at the hearing. *Thompson v. Sullivan*, 933 F.2d 581, 586 (7th Cir. 1991). The magistrate judge's determination of this issue is correct.

Finally, the Commissioner complains that the magistrate judge also recommended remand "based on" certain agency documents that remained unexplained. (Dkt. 36 at p. 6) The magistrate judge did not recommend remand on this basis; she said some explanation of the documents should be provided on remand. Perhaps that explanation has been provided in the Objection. In any event, it is no reason not to adopt the Report and Recommendation.

The Commissioner's Objection (Dkt. 36) is OVERRULED and the court ADOPTS the magistrate judge's Report and Recommendation as the order of the court. Judgment will issue accordingly.

**SO ORDERED** this 26th day of September 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record

4